UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCETERENCE FREDERICK
MADISON,

      Plaintiff,

                                          Civil Case No. 19-13747
v.                                         Honorable Linda V. Parker

EMPIRE FIRE AND MARINE
INSURANCE CO. and JOHN DOE,

      Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULE 41.2**

On May 11, 2020, this Court issued a show cause order requiring Plaintiff to notify the Court in writing within fourteen days as to whether he plans to move forward with this action.  (ECF No. 15.)  In the order, the Court warned Plaintiff that if he did not comply before the deadline expired, the matter would be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2.  (*Id.*)  The deadline has expired and Plaintiff has not contacted the Court in writing or otherwise.  The Court is therefore dismissing his Complaint pursuant to Rule 41.2.

## Background

On November 18, 2019, Plaintiff, with the assistance of counsel, filed this lawsuit against Defendants. On February 14, 2020, Plaintiff's counsel moved to withdraw based on a total breakdown of the attorney-client relationship, at least partially due to counsel's inability to contact Plaintiff at any of the addresses and phone numbers counsel had for him. (ECF No. 7.) Defendant did not oppose the motion. (ECF No. 9.)

On March 13, 2020, this Court issued an order setting a telephonic motion hearing with respect to counsel's motion for March 26, 2020. (ECF No. 10.) The Court ordered Plaintiff to attend and directed Plaintiff's counsel to serve a copy of the motion to withdraw and the Court's order on Plaintiff at least ten days prior to the hearing. (*Id.*) On March 25, 2020, Plaintiff's counsel filed documentation reflecting his unsuccessful attempts to serve Plaintiff in person and by mail. (ECF No. 11.) The mailings to Plaintiff were returned and marked undeliverable. (*Id.*)

Plaintiff failed to appear for the telephonic hearing on March 26, 2020. On that date, the Court granted counsel's motion to withdraw and issued an opinion and order to that effect. (ECF No. 13.) In the order, the Court stayed the matter for thirty days to allow Plaintiff to retain new counsel and instructed Plaintiff that the matter will move forward after that period whether Plaintiff retains new counsel or is proceeding pro se. (*Id.*) The Court also instructed Plaintiff's counsel

to serve a copy of the decision on Plaintiff and to file a certificate of service. Counsel filed a proof of service on April 8, 2020, indicating that he mailed the materials to Plaintiff, but they were returned to sender. (*Id.* at 14.)

The Court entered its show cause order on May 11, 2020, after the 30-day stay had expired and no attorney had entered an appearance on behalf of Plaintiff and Plaintiff had not otherwise contacted the Court or taken any action in this matter. (ECF No. 15.) The Court mailed the show cause order to Plaintiff at an address in Southfield, Michigan. Plaintiff did not respond to the show cause order.

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

3

There must be "'a clear record of delay or contumacious conduct.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).  Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id*. at 704-05 (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted).  "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

Here, the record demonstrates such delay.  As detailed above, Plaintiff has ignored these proceedings and the Court's orders.  Plaintiff failed to respond to his attorney's communications to enable counsel to pursue this litigation on his behalf.  He has failed to apprise the Court of his current contact information and/or respond to the Court's orders.  The Court has attempted to warn Plaintiff that his failure to cooperate could lead to dismissal.  To the extent those warnings have not reached Plaintiff, it is due to Plaintiff's reckless disregard of these proceedings.  For the same reason, the Court sees no utility in considering or imposing lesser sanctions.

Taken together, the relevant factors support dismissal of this lawsuit with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Eastern District of Michigan Local Rule 41.2.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 2, 2020